IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

SHAWN MICHAEL RACKLEY,

    Plaintiff,

v.                                  Case No. 3:17-cv-04209

WESTERN REGIONAL AUTHORITY;
LIEUTENANT MORRISON;
C. O. SPAULDING;
C. O. AKERS;
C. O. STAPLETON;
and C. O. THACKER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and his Complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 2). In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice,

1

the court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff alleges the following in his complaint:

1. He is an inmate at the Western Regional Jail in Barboursville, West Virginia and has been placed on a 2-man assignment, meaning there must be two officers present with him during any activity;

2. He is supposed to have a shower every three days. However, he went from September 20, 2017 to September 27, 2017 without a shower and from October 11, 2017 until the date he prepared the complaint (October 16, 2017) without a shower;

3. He has spoken to the defendants about not receiving a shower every 72 hours; and

4. The lack of showers violates his right to be free from cruel and unusual punishment and violates his civil rights.

For relief, Plaintiff demands "any and all things that the court deemed right and fair." (ECF No. 2). As currently written, Plaintiff's complaint fails to state a claim sufficient to withstand dismissal on initial screening, as explained below.

Title 42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." To state a cause of action under § 1983, a plaintiff must allege facts showing that: (1) an official deprived the plaintiff of a federally protected civil right, privilege or immunity and (2) that the official did so under color of State law. 42 U.S.C. § 1983; *see also Perrin v. Nicholson*, C/A No. 9:10-1111-HFF-BM, 2010 WL 3893792 (D.S.C. Sept. 8, 2010). If either of these elements is missing, the complaint fails to state a claim for relief under 42 U.S.C. § 1983. Moreover, for an official to be liable under § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of *respondeat superior* has no

application under this section." *Vinnedge v. Gibbs,* 550 F.2d 926, 928 (4th Cir. 1977) (*quoting Bennett v. Gravelle,* 323 F. Supp. 203, 214 (D.Md. 1971)).

Plaintiff alleges that the defendant correctional officers and the Jail Authority are subjecting him to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution by denying him adequate access to showers. The Eighth Amendment "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (*citing Hudson v. Palmer,* 468 U.S. 517, 526–27 (1984)). However, "[p]rison conditions may be 'restrictive and even harsh.'" *Farmer*, 511 U.S at 833 (*quoting Rhodes v. Chapman,* 452 U.S. 337, 347 (1981) ("To the extent that [prison] conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."). "The Eighth Amendment does not prohibit cruel and unusual prison conditions; it prohibits cruel and unusual punishments." *Strickler v. Waters,* 989 F.2d 1375, 1381 (4th Cir. 1993). Thus, not every uncomfortable condition of confinement is actionable. *Rhodes,* 452 U.S. at 347. Ultimately, this prohibition "does not mandate comfortable prisons, and only those deprivations denying the 'minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter,* 501 U.S. 294, 298 (1991) (*quoting Rhodes,* 452 U.S. at 347).

In order for Plaintiff to maintain a *prima facie* case that his conditions of confinement violated the Eighth Amendment, he must show both (1) the deprivation of a basic human need that was "sufficiently serious," when measured by an objective standard, and (2) that the responsible prison officials had a "sufficiently culpable state of

3

mind." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (citing *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed upon an inmate cannot properly be called 'punishment,' and absent severity, a punishment cannot be called 'cruel and unusual.'" *Iko*, 535 F.3d at 238. To satisfy the objective component, Plaintiff must show that the challenged condition caused or constituted an extreme deprivation. *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). "[T]o demonstrate such an extreme deprivation, [Plaintiff] must allege a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from [his] exposure to the challenged conditions." *Odom v. South Carolina Dept. of Corrections*, 349 F.3d 765, 770 (4th Cir. 2003) (quoting *De'Lonta*, 330 F.3d at 634). "Compelling a showing of significant physical or emotional harm, or a grave risk of such harm, infuses an element of objectivity into the analysis, lest resolution of the seriousness of the deprivation devolve into an application of the subjective views of the judges deciding the question." *Shakka v. Smith,* 71 F.3d 162, 166 (4th Cir. 1995) (citing *Strickler v. Waters,* 989 F.2d 1375, 1370–80 (4th Cir. 1993)).

To fulfill the subjective component, Plaintiff must demonstrate a "deliberate indifference" to his health or safety by the defendants. *Farmer*, 511 U.S. at 834. The Supreme Court explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. Deliberate indifference is more than mere negligence but less

4

than malice. *Flores v. Stevenson,* Civil Action No. 2:11–cv–01278–TMC–BHH, 2012 WL 2803721 (D.S.C. May 11, 2012). Put simply, the staff at the Western Regional Jail had a sufficiently culpable state of mind if they were aware of an excessive risk of harm to Plaintiff's health or safety, but disregarded it. *See Wilson,* 501 U.S. at 298; *Brown v. North Carolina Dept. of Corrections,* 612 F.3d 720, 723 (4th Cir. 2010) (quoting *Case v. Ahitow,* 301 F.3d 605, 607 (7th Cir. 2002)) ("[T]he test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so.")

In addition to the legal principles set forth above, Plaintiff's claims are governed by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(e). The PLRA expressly prohibits the filing of civil actions by prisoners "confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Although the PLRA does not define "physical injury" and the Fourth Circuit has not provided a definition, other courts have held that the "physical injury" referenced by the Act need not be significant, but it must be more than *de minimis. See, e.g., Flanory v. Bonn,* 604 F.3d 249, 254 (6th Cir. 2010); *Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1309, 1312–13 (11th Cir. 2002); *Siglar v. Hightower,* 112 F.3d 191 (5th Cir. 1997); *Zehner v. Trigg,* 952 F.Supp. 1318 (S.D. Ind. 1997). In addition, "[a] plaintiff seeking compensatory damages for emotional distress cannot rely on conclusory statements that the plaintiff suffered emotional distress [or] the mere fact that a constitutional violation occurred, but, rather, the testimony must establish that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated." *Knussman v. Maryland,* 272 F.3d 625, 640 (4th Cir. 2001), *quoting Price v. City of Charlotte,* 93 F.3d 1241, 1254 (4th Cir. 1996) (internal quotation

marks omitted).

In light of the governing standards and principles, Plaintiff must amend his complaint in order for the undersigned to complete a preliminary review of the merits and rule on the motion to proceed *in forma pauperis.* Without such an amendment, Plaintiff's complaint will be subject to dismissal. Therefore, Plaintiff is **ORDERED** to amend his complaint within **forty-five (45) days** and cure the following deficiencies in pleading as indicated below:

1. Plaintiff must set forth a factual basis upon which the Court can conclude that the delay between showers constitutes an extreme deprivation of the basic necessities of life, and that the defendants acted with deliberate indifference to Plaintiff's health and safety by delaying his showers.

2. Plaintiff must identify the nature of the injury he claims to have suffered as a result of the defendants' alleged wrongdoing.

3. Plaintiff currently makes no specific claim for relief. Accordingly, the complaint must be amended to state the relief requested (i.e. monetary, or injunctive, or both).

**Plaintiff is hereby given notice** that a failure to amend the complaint as ordered may result in a recommendation that the complaint be dismissed for failure to state a claim under 42 U.S.C. § 1983 and/or for failure to prosecute under Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1. **Plaintiffs is also reminded** of his obligation to promptly notify the Clerk of Court of any change in his contact information.

Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), shall be held in abeyance pending initial review of Plaintiff's amended complaint or pending other further proceedings in this case.

The Clerk is instructed to provide a copy of this order to Plaintiff.

**ENTERED:** October 25, 2017

_____
Cheryl A. Eifert
United States Magistrate Judge