# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

**SHAWN MICHAEL RACKLEY,**

    **Plaintiff,**

v.                                                      Case No. 3:17-cv-04209

**WESTERN REGIONAL AUTHORITY;**
**LIEUTENANT MORRISON;**
**C. O. SPAULDING;**
**C. O. AKERS;**
**C. O. STAPLETON;**
**and C. O. THACKER,**

    **Defendants.**

## MEMORANDUM OPINION and ORDER

Pending is Plaintiff's Motion for the Appointment of Counsel. (ECF No. 6). For the reasons that follow, the Court **DENIES** the motion, without prejudice to reconsideration of Plaintiff's request for counsel in the future.

Plaintiff has no constitutional right to counsel in an action brought under 42 U.S.C. § 1983. 28 U.S.C. § 1915(e)(1) (2010); *see also Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir. 1975). Although the Court has some discretion in assigning counsel, the United States Court of Appeals for the Fourth Circuit has clearly stated that motions for the appointment of counsel in civil actions should be granted "only in exceptional cases." *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir. 1975). When determining whether a particular case rises to that level, the Court must consider the complexity of the claims in dispute and the ability of the indigent party to present them. *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir. 1984); *see also Branch v. Cole,* 686 F.2d 264, 266 (5th Cir. 1982).

("[N]o comprehensive definition of exceptional circumstances is practical. The existence of such circumstances will turn on the quality of two basic factors-the type and complexity of the case, and the abilities of the individuals bringing it.") (footnote omitted).

Here, Plaintiff argues that his case justifies the appointment of counsel because he has limited access to a law library, and the library has insufficient legal resources. Unfortunately, this ground is not exceptional. Many *pro se* litigants have limited access to legal publications. However, they are still able to prosecute their claims. While Plaintiff's incarceration undoubtedly makes it more difficult for him to pursue his lawsuit, as does his presumed lack of legal training, these limitations do not, in and of themselves, satisfy the "exceptional" standard necessary to justify the appointment of counsel. *Louis v. Martinez,* Case No. 5:08-cv-151, 2010 WL 1484302, at *1 (N.D.W. Va. Apr. 12, 2010).

Plaintiff also claims that he is illiterate, without supplying any additional information or proof of that claim. The undersigned has examined the complaint and the motion for appointment of counsel, and both documents are well-written and clear. Consequently, Plaintiff appears capable of presenting his claims at this stage of the litigation. Therefore, his motion must be denied.

It is so **ORDERED**.

The Clerk is instructed to provide a copy of this Order to Plaintiff, counsel of record, and any unrepresented party.

**ENTERED:** December 12, 2017

_____
Cheryl A. Eifert
United States Magistrate Judge