IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**SHAWN MICHAEL RACKLEY,**

      **Plaintiff,**

v.                                                  **Case No. 3:17-cv-04209**

**WEST VIRGINIA REGIONAL JAIL
AND CORRECTIONAL FACILITY AUTHORITY;
LIEUTENANT MORRISON; C. O. SPAULDING;
C. O. AKERS; C. O. STAPLETON;
and C. O. THACKER,**

      **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

On October 23, 2017, Plaintiff Shawn Michael Rackley, proceeding *pro se* and incarcerated at the Western Regional Jail in Barboursville, West Virginia, filed a complaint under 42 U.S.C. § 1983, alleging that the defendants were violating the Eighth Amendment prohibition against cruel and unusual punishment by denying him regular showers as required by Jail regulations. (ECF No. 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for total pretrial management and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 4). For the reasons explained below, the undersigned **FINDS** that the complaint should be dismissed pursuant to Fed. R. Civ. P. 41(a)(2). Therefore, the undersigned respectfully **RECOMMENDS** that the presiding District Judge accept the proposed findings herein; **DISMISS** the complaint

pursuant to Fed. R. Civ. P. 41(a)(2); and **REMOVE** this civil action from the docket of the Court.

## I. Relevant History

At the time Plaintiff prepared the Complaint, he was on disciplinary status at the Western Regional Jail. (ECF No. 2 at 5). As a result, he had to be accompanied by two guards when he was released to shower. According to Plaintiff, Jail regulations provided that he was to receive a two-man shower every three days; however, he had been taken to the shower only twice in the prior two weeks, with each shower seven days apart. (*Id.* at 4; ECF No. 10 at 1). Plaintiff alleged that his lack of hygiene led to the development of a rash. (ECF No. 10 at 2). For relief, he requested monetary compensation.

The defendants, except for C. O. Thacker, were served with process, and they subsequently filed motions to dismiss the complaint. (ECF Nos. 19, 20, 24, 27, 30, 31, 35, 36, 41, 42). Plaintiff filed a response to the motions, and the defendants replied. (ECF Nos. 37, 38). On May 7, 2018, the Court set a status conference to take place on May 14, 2018, with Plaintiff to attend by videoconference from the Western Regional Jail. (ECF No. 40).

At the status conference, Plaintiff advised the Court that he never intended to name the individual correctional officers as defendants in the case. He explained that he had listed the officers in his complaint, because they were witnesses to his lack of showers; however, none of the correctional officers had refused to take him to the showers. Plaintiff stated that he wished to dismiss all of the correctional officers from the lawsuit. With respect to Lieutenant Morrison, Plaintiff indicated that he included Lieutenant Morrison in the lawsuit, because the Lieutenant knew of Plaintiff's need for showers, but did not ensure that showers were provided on a timely basis. Plaintiff

admitted, however, that he was taken off of disciplinary status shortly after filing the complaint, and since then, he had been able to take daily showers. When asked about his injuries, Plaintiff described having a rash that came and went and, when present, was persistently itchy. Plaintiff complained that the Jail was short-staffed, which prevented him from getting proper treatment for his rash. He stated that he received cream for the rash at first, but had not received any further treatment although he complained each time the rash returned.

After further discussion, Plaintiff advised that he was not interested in pursuing monetary damages from Lieutenant Morrison. Instead, he wanted the West Virginia Regional Jail and Correctional Facility Authority to transfer him from the Western Regional Jail to a Division of Corrections ("DOC") facility. Plaintiff felt that transfer was appropriate in his case, because (1) the Western Regional Jail was understaffed and unsanitary, and (2) he was a DOC inmate, who should be housed in a DOC facility rather than a regional jail. Upon learning that a prompt transfer was not likely to result from his lawsuit, Plaintiff requested that his complaint be dismissed, indicating that he no longer wished to prosecute the case. Given Plaintiff's position, the undersigned asked Defendants if they had any objection to a voluntary dismissal by Plaintiff in place of a ruling on their motions to dismiss. Defendants responded that they had no objection. Accordingly, the Court asked Plaintiff to make his request in writing and file it with the Clerk, which Plaintiff has not done to this date. Since the status conference, there has been no further activity in the action, and Plaintiff has made no additional contact with the Court. According to the West Virginia Division of Corrections Inmate Locator, Plaintiff was transferred to Parkersburg Correctional Center, a DOC facility, in June 2018.

## II. Discussion

Fed. R. Civ. P. 41(a)(2) allows the Court to dismiss an action at the plaintiff's request on terms that the court considers proper. "The decision to grant a voluntary dismissal under Rule 41(a)(2) is a matter for the discretion of the district court, and its order will ordinarily not be reversed except for an abuse of discretion." *Davis v. USX Corp.,* 819 F.2d 1270, 1273 (4th Cir. 1987). "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Id.* The "prospect of a second lawsuit," alone, does not constitute prejudice sufficient to deny a motion under Rule 41(a)(2). *Vosburgh v. Indemnity Ins. Co. of North America,* 217 F.R.D. 384, 386 (S.D.W. Va. Sep. 12, 2003). Instead, when presented with a request for dismissal under Rule 41(a)(2), the court should consider a number of other factors, including: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." *Id.* (citing *Teck Gen. P'ship v. Crown Cent. Petroleum Corp.*, 28 F. Supp. 2d 989, 991 (E.D. Va. 1998)).

In the instant action, the prejudice to the defendants is minimal, as the case is in its earliest stages. No discovery has been conducted. Plaintiff requested dismissal at the initial status conference after engaging in a discussion regarding the relevant law and the issues raised on preliminary dispositive motions. Plaintiff explained that since filing the lawsuit, his problem with obtaining regular showers had been rectified and, although he continued to have other complaints regarding the Western Regional Jail, his desire was to be promptly transferred to a DOC facility, not pursue monetary compensation from Lieutenant Morrison. When he learned that his § 1983 complaint was not likely to

achieve a prompt transfer, *see, e.g. Sandin v. Conner,* 515 U.S. 472, 486–87 (1995), Plaintiff had no desire to prolong the litigation. Plaintiff provides a sufficient and logical explanation for his decision to dismiss the complaint, and there has not been excessive delay or lack of diligence on Plaintiff's part in seeking dismissal. Moreover, and perhaps most importantly, Defendants do not object to a voluntary dismissal. Therefore, the undersigned **FINDS** that Plaintiff's request for a voluntary dismissal is proper and should be granted.

### III. Proposal and Recommendations

For the reasons set forth above, the undersigned **PROPOSES** that the presiding District Judge accept and adopt the findings herein and respectfully **RECOMMENDS** that the District Judge **GRANT** Plaintiff's oral request for a voluntary dismissal under Fed. R. Civ. P. 41(a)(2); **DENY** the defendants' motion to dismiss, (ECF No. 24), as moot; **DISMISS** the complaint pursuant to Fed. R. Civ. P. 41(a)(2); and **REMOVE** this civil action from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff at the Parkersburg Correctional Center and counsel of record.

**FILED:** August 17, 2018

_____
Cheryl A. Eifert
United States Magistrate Judge